IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM SOTO,

      Petitioner,                           No. CIV S-07-0414 GEB DAD P

     vs.

BOARD OF PRISON TERMS

      Respondent.                     <u>ORDER</u>

_____/

        Petitioner is a former prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the time the petition was filed, petitioner was incarcerated at the Monroe Detention Center on a parole violation charge. Petitioner claimed that although he was arrested on September 6, 2006, he did not receive the parole violation report until September 8, 2006 and did not receive his probable cause hearing until September 27, 2006. Petitioner claims that his due process rights were violated because under the stipulated order for permanent injunctive relief entered in <u>Valdivia v. Schwarzenegger</u>, Case No. CIV S-94-0671 LKK DAD (E.D. Cal.), the state is required to provide him that hearing within ten business days of his arrest. Petitioner also vaguely alleges that his "violation is up March 24." (Petition at 3.) In terms of relief, petitioner seeks dismissal of his parole violation charge.

/////

There are several deficiencies with the petition.  First, petitioner has not named a proper respondent.  If the petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or the state correctional agency.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir.1996).

Second, petitioner must clarify whether he has already served any sentence imposed for the September 6, 2006 parole violation.  Petitioner is advised that Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  Accordingly, a petitioner seeking to challenge the revocation of his parole must demonstrate that continuing collateral consequences exist if the term imposed for violating parole has been served.  Spencer v. Kemna, 523 U.S. 1, 14-18 (1998); Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987) (holding that a habeas claim was moot because the petitioner could not be ordered released from a term imposed for violating parole that had already been served).  Therefore, if petitioner has already served any sentence imposed on the parole violation charge he now seeks to challenge, he must first explain what collateral consequences he continues to suffer as a result of that charge.

Third, petitioner must clarify his due process claim.  Petitioner is advised that a remedial court order, such as the one entered in the Valdivia case, does not create rights, privileges or immunities secured by the Constitution.  El Muhammad v. Schwarzenegger, No. C 06-739 MHP (PR), 2006 WL 1883347, at *1 (N.D. Cal. July 7, 2006) (citing Green v. McKaskle, 788 F.2d 1116, 1123-24 (5th Cir. 1986) (remedial decrees are means by which unconstitutional conditions are corrected but do not create or enlarge constitutional rights) and DeGidio v. Pung, 920 F.2d 525, 534-35 (8th Cir. 1990)).

Finally, if petitioner intends to proceed with this action by filing an amended petition, he must submit the filing fee or an application requesting leave to proceed in forma pauperis.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petitioner for writ of habeas corpus is dismissed;

2. Petitioner is granted thirty days from the date of service of this order to file an amended petition that complies with the requirements of the Federal Rules of Civil Procedure; the amended petition must bear the docket number assigned this case and must be labeled "Amended Petition;" petitioner must file an original and one copy of the amended petition; petitioner must use the form petition provided by the court;

3. Within thirty days from the date of service of this order, petitioner must submit the $5.00 filing fee or an application requesting leave to proceed in forma pauperis for a non-prisoner;

4. The Clerk of the Court is directed to provide petitioner with the court's form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the application for requesting leave to proceed in forma pauperis for a non-prisoner; and

5. Petitioner's failure to comply with this order will result in the dismissal of this action.

DATED: December 5, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
soto0414.9